IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEWIS JAMES VANCE,

      Petitioner,

  v.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

      Respondent.

CASE NO. 2:19-CV-00687
JUDGE JAMES L. GRAHAM
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On November 7, 2019, the Magistrate Judge issued an Order and Report and Recommendation denying Petitioner's Motion for Evidentiary Hearing, Subpoena Depositional Testimony, with the Appointment of Counsel (ECF No. 22), and recommending dismissal of this action. (ECF No. 36.) Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 37.)

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted or failing to warrant relief. He complains that he lacked adequate time to prepare his objections. He again asserts that he is actually innocent. He claims to have obtained a "confession" from one Terry Vincent and other unidentified new evidence establishing his actual innocence from the guilty assailants against him. However, the record does not support Petitioner's claim of actual innocence.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. The Court has carefully reviewed the entire record. For the reasons already well detailed in the Magistrate Judge's Order and Report and Recommendation (ECF No. 36), Petitioner's Objection (ECF No. 37) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 36) is

**ADOPTED** and **AFFIRMED.** Petitioner's Motion for Evidentiary Hearing, Subpoena Depositional Testimony, with the Appointment of Counsel (ECF No. 22) is **DENIED.** This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability

2

should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

Date: December 2, 2019                s/James L. Graham
                                                              JAMES L. GRAHAM
                                                              UNITED STATES DISTRICT JUDGE